

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-8-2008

# USA v. Harley

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5086

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Harley" (2008). *2008 Decisions*. Paper 1791.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1791

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 05-5086
_____

UNITED STATES OF AMERICA

v.

MICHAEL K. HARLEY,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 05-cr-00192)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
January 7, 2008

Before: FUENTES and JORDAN, *Circuit Judges*
and O'NEILL*, *District Judge.*

(Filed : January 8, 2008)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

_____

*Honorable Thomas N. O'Neill, Jr., District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

On this appeal from the sentence he received after being convicted of wire fraud, Michael K. Harley contends that the District Court erred in its application of the United States Sentencing Guidelines. Finding no error, we will affirm.

**Background**

Because we write solely for the parties' benefit, we assume familiarity with the case and discuss only those facts necessary to our decision. Harley served for several years in the accounting department of Voith Siemens Hydro Power Generation, Inc. ("Voith"). In 1998, following a promotion to General Accounting Manager, he was given authority to initiate and approve wire transfers, to draw funds from Voith's checking account, and to reconcile monthly bank statements. Shortly before that promotion, and with increasing frequency after it, Harley used his position to embezzle. He left his job with Voith early in 2004. By August, the company had discovered accounting irregularities and had begun to investigate Harley's transactions over the years. The investigation revealed that Harley had stolen more than $5.3 million from the company.

On June 30, 2005, Harley waived indictment and pled guilty to an information charging him with committing wire fraud in violation of 18 U.S.C. § 1343. He was sentenced to sixty-three months imprisonment, three years of supervised release, no fine, and restitution of nearly $3 million.

**Discussion**

Harley makes four arguments on appeal.[1]  First, he asserts that the District Court's decision to apply a two-point increase to his offense level for use of a sophisticated scheme is error.  The only basis Harley provides for that assertion is that he was only using standard accounting tools and techniques.  We think he gives himself and other accountants too little credit.  Accountants have the benefit of specialized knowledge, and the embezzlement scheme Harley employed required specialized, sophisticated knowledge to engineer and execute.  It involved not only the theft of the money but the continuing need to conceal the thefts.  *Cf.* U.S.S.G., § 2B1.1, Application Note 8(B) ("Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts ... ordinarily indicates sophisticated means.").  That the scheme was ultimately detected makes it no less sophisticated and no less worthy of the dubious honor of a two-point increase in the

_____

[1]The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have jurisdiction under both 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We look for clear error when reviewing the District Court's factual findings related to sentencing. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (*en banc*).  Our review of the District Court's interpretation of the Sentencing Guidelines is plenary. *Id.*  "We review the District Court's application of the Guidelines to facts for abuse of discretion." *United States v. Tupone*, 442 F.3d 145, 149 (3d Cir. 2006).  And we also review for abuse of discretion the determination of the appropriate sentence; we will not disturb a sentence that can be characterized as "reasonable." *See Gall v. United States*, 2007 WL 4292116, at *6 (U.S., Dec. 10, 2007) ("[A]ppellate review of sentencing decisions is limited to determining whether they are 'reasonable.' Our explanation of 'reasonableness' review ... made it ... clear that the familiar abuse-of-discretion standard of review now applies ... .").

offense level. The District Court's conclusion to that effect was not an abuse of discretion.

Second, Harley argues that the District Court erred in applying another two-point offense level increase based on his having abused a position of trust. In particular, he contends that the abuse-of-trust aspect of his crime, to the extent there is any such aspect, is already accounted for in the Guideline setting his base offense level. Given the record, this argument is particularly strained. The specific Guidelines provision used to calculate the base offense level was § 2B1.1, which applies to all manner of theft, fraud, and deceit, including wire fraud, the offense for which Harley was convicted. It is simply not the case that all fraud involves a breach of trust, though this fraud most certainly did. Harley gained his employer's trust and, having attained the power to initiate funds transfers on his own, he abused that trust to line his pockets. The District Court's decision to impose the two-point abuse-of-trust enhancement called for by Guideline § 3B1.3 is fully justified. *Cf.* U.S.S.G., § 3B1.3, Application Note 1 ("This adjustment, for example, applies in the case of ... a bank executive's fraudulent loan scheme ... .").

Harley's final two arguments are that the District Court erred in refusing to grant him a downward departure for exceptional acceptance of responsibility and that his sentence of sixty-three months incarceration is unreasonable under 18 U.S.C. § 3553(a). As to the former argument, the District Court's discretionary decision is not subject to review. *United States v. Cooper*, 437 F.3d 324, 333 (3d Cir. 2006) (declining to review a

4

district court's decision to deny departure).  As to the latter argument, we conclude that, particularly under the broad discretion afforded to district courts in sentencing, the sentence imposed was reasonable.  *See Gall*, 2007 WL 4292116, at *8 ("The sentencing judge is in a superior position [to an appellate court] to find facts and judge their import under § 3553(a) in the individual case." (internal quotation marks and citation omitted)).

**Conclusion**

Accordingly, we will affirm the judgment of sentence.